IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 3:11-cv-130 |
| | : | |
| v | : | |
| | : | |
| $28,000.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property. | : | |
| | : | |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

*Nature of the Action*

1.  This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $28,000.00 in United States funds, (hereinafter "Defendant Property").

*The Defendant in Rem*

2.  The Defendant Property consists of $28,000.00 in United States funds, seized from Tirrell Marquis Kitchings on March 15, 2011, on Interstate 20, in Social Circle, Walton County, Georgia. The Defendant Property is presently in the custody of

the United States Marshals Service and has been deposited into the Seized Asset Deposit Fund Account.

### Jurisdiction and Venue

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Walton County, Georgia, which is a place within the Middle District of Georgia.

6. The seizure of the defendant currency was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings. On or about June 15, 2011, Tirrell Marquis Kitchings, through his counsel, James W. Howard, Esq., Suite 200, Kyleif Center, 1479 Brockett Road, Tucker, Georgia 30084, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### Basis For Forfeiture

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in

exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.     On March 15, 2011, at approximately 6:40 p.m., Officer Anthony Galimore of the Social Circle Police Department ("SCPD"), stopped a Chevy Malibu for a traffic violation on Interstate 20 East near mile marker 102.

9.     Upon approaching the passenger-side of the vehicle, Officer Galimore detected a strong odor of marijuana coming from inside the vehicle.

10.    Officer Galimore made contact with the driver, later identified as Tirrell Marquis Kitchings ("Kitchings"), and asked him to step to the rear of the vehicle. At the rear of the vehicle, Kitchings informed Officer Galimore that the vehicle belonged to his girlfriend, and that he was coming from the Farmer's Market where he had tried to buy some tomatoes.

11.    While Officer Galimore explained to Kitchings that he had pulled him over for failure to maintain his lane and for a non-working brake light, he observed that Kitchings had small beads of sweat on this forehead and he was licking his lips often.

12.    While issuing a warning citation to Kitchings for the traffic violations, Officer Galimore told Kitchings that he had detected an odor of raw marijuana coming from inside the vehicle, and asked him how much he had. Kitchings indicated that he did not have any marijuana. Kitchings further stated that the passenger of the vehicle, later identified as Waydee Ameen Clifton ("Clifton") had been smoking marijuana inside the vehicle just before he had been pulled over.

13. Officer Galimore informed Kitchings that he was going to search the vehicle, and asked Kitchings again if there was any marijuana inside the vehicle. Kitchings stated that he did not have any marijuana, but that he did have some money.

14. When asked by Officer Galimore how much currency he had, Kitchings stated that that he had about $29,000.00, and that it was located in a safe behind the passenger's seat.

15. During the search of the vehicle, Officer Galimore detected a very strong odor of raw marijuana inside the vehicle, but none was found. The safe described by Kitchings was located inside the vehicle and locked. Kitchings provided the key to the safe to Officer Galimore, who discovered a large amount of United States currency inside. The currency was rubber banded together in $1,000.00 increments and consisted of twenty-eight bundles. Kitchings also showed Officer Galimore that he had a large amount of currency inside of his pocket.

16. When asked by Officer Galimore why he had so much currency, Kitchings stated that he had gone to the Farmer's Market to buy tomatoes but the price was too high. Kitchings also informed Officer Galimore that he did not get the currency from the bank, and that he was currently on Federal Probation for Conspiracy to Traffick Cocaine.

17. Officer Galimore informed Kitchings that the currency was going to be seized, and asked him to follow him to the SCPD.

18. At the SCPD, while waiting for the assistance of Sergeant Adcock, Clifton indicated that he had nothing to say to the officers, and asked if he could leave. Clifton was informed by Officer Galimore that he could leave.

19. At the SCPD, Kitchings was interviewed and stated that he had some property from which he receives approximately $500.00 a month. Kitchings also stated that he worked at a barber shop and did not know how much he made a month, and he sells produce. Kitchings further stated that he claimed about $32,000.00 on his taxes the previous year from the barber shop, but didn't know how much he had made selling produce.

20. A criminal history records check revealed that both Kitchings and Clifton have had prior arrests and convictions for narcotics violations.

21. The Defendant Property was seized for a total amount of $28,000.00 in United States funds.

### *Conclusion*

22. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such

other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, September 13, 2011.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY

By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO.  052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712