IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:11-CV-130 |
| : | |
| $28,000.00 IN UNITED STATES : | |
| FUNDS, : | |
| : | |
| Defendant Property. : | |

## ANSWER OF TIRRELL KITCHINGS

Claimant TIRRELL KITCHINGS, under penalty of perjury, answers the *Verified Complaint for Forfeiture* (the "Complaint") filed by the UNITED STATES OF AMERICA (the "Government"). Claimant asserts his right to the property pursuant to 18 U.S.C. § 983(a)(4)(A) and files this answer to the Complaint pursuant to 18 U.S.C. § 983(a)(4)(B).

The Verification signed by Claimant is attached hereto as Exhibit A. The allegations of the Complaint are specifically answered as follows:

1.

Paragraphs 1, 2, 3, 4, 5, 6, 10, 13, 16, 17, 19 and 21 of the Complaint are admitted.

2.

Paragraphs 7, 8, 9, 12 and 22 of the Complaint are denied.  Any allegations in the Complaint that are not specifically responded to in this answer are denied.

3.

Paragraphs 11 and 18 of the Complaint are admitted in part and denied in part because Claimant does not have sufficient information to fully respond to these allegations and he demands adequate proof to support these allegations.

4.

Paragraph 14 of the Complaint is admitted in part and denied in part because Claimant specifically stated that he had $28,000.00 in the safe.

5.

Paragraph 15 of the Complaint is admitted in part and denied in part because the officer should not have "detected a very strong odor of marijuana inside the vehicle" and Claimant did not have "a large amount of currency" in his pocket.

6.

Paragraph 20 of the Complaint is denied because Claimant does not have sufficient information to respond and the paragraph could be construed as alleging multiple arrests and convictions for each person.  Claimant has a single arrest and conviction for a narcotics violation and demands adequate proof to support any additional allegations.

### FIRST AFFIRMATIVE DEFENSE

There was no probable cause for the initial traffic stop of Claimant or the initial seizure of the Currency.

### SECOND AFFIRMATIVE DEFENSE

There is no legal basis for the Government's retention of the Currency or forfeiture of the Currency.  The Government has no factual basis to support its contention that the Currency is subject to forfeiture.

### THIRD AFFIRMATIVE DEFENSE

Claimant properly asserted his claim to the Currency.

### FOURTH AFFIRMATIVE DEFENSE

Claimant affirmatively presented evidence and information to show the Government that Claimant had a legitimate reason to possess the Currency for a legal purpose.

**WHEREFORE** Claimant TIRRELL KITCHINGS demands a return of the Currency to Claimant.

Respectfully submitted,

/s/ James W. Howard
James W. Howard
Attorney for Claimant KITCHINGS
Georgia Bar No. 370925

3

The Howard Law Firm, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia  30084
(770) 270-5080

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Answer of Tirrell Kitchings* with the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

>Danial Bennett, Esq.
>Assistant United States Attorney
>600 United States Courthouse
>75 Spring Street, S.W.
>Atlanta, Georgia  30335
>Danial.Bennett@usdoj.gov

This 12th day of October, 2011.

>/s/ James W. Howard
>James W. Howard
>Attorney for Claimant KITCHINGS
>Georgia Bar No. 370925

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080
jhoward@howardfirm.com