IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-130 (CAR) |
| | : | |
| $28,000.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property. | : | |
| | : | |
| TIRRELL KITCHINGS, | : | |
| | : | |
| Claimant. | : | |

_____

**CLAIMANT KITCHINGS'S MOTION FOR
SUMMARY JUDGMENT AND BRIEF IN SUPPORT**
_____


James W. Howard
Attorney for Claimant
Georgia Bar No. 370925

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080

## TABLE OF CONTENTS

I. STATEMENT OF THE CASE ................................................................................... 1

II. STATEMENT OF THE ISSUE ................................................................................. 2

III. SUMMARY OF THE FACTS .................................................................................. 3

IV. STANDARD AND SCOPE OF REVIEW ............................................................... 5

V. ARGUMENT AND CITATION OF AUTHORITY

    A. THERE WAS NO PROBABLE CAUSE FOR THE
       INITIAL SEARCH AND SEIZURE OF THE FUNDS……….………….......7

    B. THERE IS NO FACTUAL BASIS
       FOR FORFEITURE OF THE FUNDS ........................................................... 10

    C. PLAINTIFF ADMITTED THAT THE FUNDS ARE
       NOT SUBJECT TO FORFEITURE ................................................................ 12

VI. CONCLUSION ....................................................................................................... 14

## EXHIBITS

1. Claimant's Statement of Material Facts as to Which There Is No
   Genuine Issue to Be Tried

2. Claimant's Theory of Recovery

3. Claimant's First Request for Admissions to Plaintiff

4. Plaintiff's Response to Claimant Tirrell Kitchings' Request for Admissions

5. Claimant Kitchings' First Interrogatories to Plaintiff

6. Plaintiff's Response to Claimant Tirrell Kitchings' First Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:11-CV-130 (CAR) |
| $28,000.00 IN UNITED STATES FUNDS, | : |
| Defendant Property. | : |
| TIRRELL KITCHINGS, | : |
| Claimant. | : |

**CLAIMANT KITCHINGS'S MOTION FOR**
**SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Claimant TIRRELL KITCHINGS respectfully moves the Court to grant him a summary judgment on the claims asserted in this action by Plaintiff UNITED STATES OF AMERICA ("the Government"). Plaintiff's complaint is based entirely upon factually unsupported speculation and an illegal seizure of the Defendant Property.

### I.   STATEMENT OF THE CASE

This is an action to forfeit $28,000.00 in United States Funds ("the Funds") which were seized from a vehicle driven by Claimant Tirrell Kitchings during a traffic stop.

On March 15, 2011, the Funds were initially seized by the Social Circle Police Department in the municipality of Social Circle, Georgia.

1

On April 6, 2011, the Drug Enforcement Administration (DEA) received the Funds.  DEA subsequently initiated an administrative forfeiture proceeding and notified Claimant of the seizure.

On June 14, 2011, Claimant sent a Claim of Ownership and Contest of Forfeiture to DEA by courier.

On September 13, 2011, the Government filed a *Verified Complaint for Forfeiture* to initiate this legal action.  Doc. 1.

On October 12, 2011, the verified *Claim of Tirrell Kitchings to Seized Property* and the *Answer of Tirrell Kitchings* were both filed asserting Claimant's legal right and claim to the Funds.  Doc. 6, 7.

On November 7, 2011, Claimant served a request for admissions and interrogatories on Plaintiff.  Exhibits 3, 5.

On December 14, 2011, Plaintiff served an untimely response to these discovery requests.  Exhibits 4, 6.

## II.   STATEMENT OF THE ISSUE

Whether a claimant is entitled to summary judgment on his claim to recover property seized by the Government when the undisputed evidence shows:

a) There was no probable cause for the initial search and seizure of the property;

b) There is no evidence that the property was connected to any drug transaction;

c) Plaintiff admitted there was no probable cause for seizure of the Funds and "the Funds are not subject to forfeiture."

2

### III.   SUMMARY OF THE FACTS

Claimant, Tirrell Kitchings, has properly asserted his legal right to, claim to and interest in the Defendant Property, which is United States Funds in the amount of $28,000.00 ("the Funds").  On March 15, 2011, the Funds were in the possession of Claimant as property of Claimant and also as a bailee and agent for D & D Farms, L.L.C.  Doc. 6, ¶¶ 1, 3.

Claimant was an independent contractor participating in a joint venture with D & D Farms.  The joint venturers intended to purchase a truckload of tomatoes at a favorable price at the Farmer's Market in Forest Park, Georgia.  Claimant intended to transport the tomatoes to South Carolina for distribution at a profit.  The joint venturers collectively contributed the Funds for the purchase and transportation of the tomatoes.  Doc. 6, ¶ 4.

Claimant could not negotiate an acceptable price for the tomatoes.  Claimant was driving back to South Carolina with the Funds locked in a security box in his vehicle. The vehicle was stopped by Officer Anthony Galimore, a police officer employed by the Social Circle Police Department in Walton County, Georgia.  "Officer Galimore informed (Claimant) Kitchings that he was going to search the vehicle."  Doc. 1, ¶ 13; Doc. 6, ¶¶ 5, 6; Doc. 7, ¶ 1.

Officer Galimore asked Claimant whether there were any drugs in the vehicle and how much currency Claimant had in the vehicle.  In response, Claimant truthfully stated that there were no drugs in his vehicle and there was $28,000 in a locked safe in his vehicle.  Doc. 1, ¶ 14; Doc. 6, ¶ 7; Exhibit 4, ¶ 14; Doc. 7, ¶ 4.

On March 15, 2011, Officer Galimore seized the Funds as an agent of a Georgia municipal law enforcement agency without any probable cause to believe that the Funds were subject to forfeiture or related to any drug activity. Doc. 6, ¶ 8; Exhibits 3 & 4, ¶ 1.

The Funds were subsequently seized and retained by Government agents of the Drug Enforcement Administration (DEA). Doc. 6, ¶ 2. However, the Government has no legal, legitimate or factually supported claim to the Funds. The Government seized and retained the Funds based upon a false, factually unsupported assertion that the Funds are subject to forfeiture. Doc. 6, ¶ 2; Exhibits 3 & 4, ¶ 2.

Officer Galimore asked Claimant whether he had a criminal record. In response, Claimant truthfully stated that he had a prior drug conviction. However, Claimant's federal probation officer was fully aware that Claimant was involved in purchasing and transporting large quantities of produce and that Claimant transported and paid large sums of cash for these transactions. Doc. 6, ¶ 9.

The Government is unaware of any evidence that the Funds were derived or acquired from any drug transaction. The Government is also unaware of any evidence that the Funds were used in any drug transaction, used to facilitate the purchase of any controlled substance, or intended to be used to purchase any controlled substance. Exhibits 3 & 4, ¶¶ 3, 4, 5; Exhibits 5 & 6, ¶¶ 4, 5, 6.

The Government is unaware of any evidence that contradicts Claimant's assertion that he intended to use the Funds to purchase a truckload of tomatoes at Farmer's Market if he had been able to negotiate an acceptable price. Exhibits 3 & 4, ¶ 6.

4

The Government cannot identify any person who participated in any drug transaction that related to the Funds.  Claimant was not charged with any drug offense as a result of the traffic stop on March 15, 2011 or the seizure of the Funds.  Exhibits 5 & 6, ¶¶ 7, 10.

During the traffic stop on March 15, 2011, Claimant fully cooperated with Officer Galimore and answered all of Officer Galimore's questions.  Claimant truthfully told Officer Galimore that:

   a)   the Funds were locked in Claimant's vehicle because Claimant went to Farmer's Market to buy tomatoes;

   b)   Claimant did not buy any tomatoes because the price of the tomatoes was too high; and

   c)   Claimant previously made cash purchases of produce.

Exhibits 5 & 6, ¶¶ 12, 13, 15, 17.

## IV.   STANDARD AND SCOPE OF REVIEW

A defendant may move for summary judgment "upon all or any part" of a legal action.  O.C.G.A. §9-11-56(a) and (d).  To obtain summary judgment, the defendant must present affirmative evidence to disprove any viable claim in the pleadings.  O.C.G.A. §9-11-56(c); *Progressive Insurance Co. v. Kelly,* 181 Ga.App. 181, 351 S.E.2d 30 (1987); *Fort v. Boone,* 166 Ga.App. 290, 304 S.E.2d 465 (1983); *Vizzini v. Blonder,* 165 Ga.App. 840, 303 S.E.2d 38 (1983).

When a motion for summary judgment on an issue is supported by evidence, including affidavits, showing a prima facie right by the movant to have judgment in its favor, the adverse party must produce sufficient evidence in rebuttal to show the existence of a genuine factual dispute on the issue. Otherwise, the movant is entitled to summary judgment. *State Farm Mutual Insurance Co. v. Smith,* 245 Ga. 645, 266 S.E.2d 505 (1980); *Etheredge v. Kersey,* 236 Ga.App. 243, 510 S.E.2d 544 (1998); *Gilbert v. Jones,* 187 Ga.App. 303, 370 S.E.2d 155 (1988); *Herman v. Walsh,* 154 Ga.App. 712, 269 S.E.2d 535 (1980); *Skinner v. Humble Oil & Refining Co.,* 145 Ga.App. 372, 243 S.E.2d 732 (1978).

A general denial is insufficient to avoid summary judgment. *Etheredge, supra.* The adverse party must controvert specific facts set forth by the movant by setting forth specific facts which show a genuine dispute on the issue. *Stone Mountain Memorial Ass'n v. Herrington,* 225 Ga. 746, 171 S.E.2d 521 (1969); *Marable v. First Union National Bank,* 232 Ga.App. 628, 502 S.E.2d 557 (1998); *Norris v. Kunes,* 166 Ga.App. 686, 305 S.E.2d 426 (1983); *Hyman v. Horwitz,* 148 Ga.App. 647, 252 S.E.2d 74 (1979).

Furthermore, if the adverse party relies upon some alternate theory in support of its position, and contends that some genuine issue remains on that theory, it must present and support that theory or suffer judgment against it. *Marable, supra; Meade v. Heimanson,* 239 Ga. 177, 236 S.E.2d 357 (1977); *Bright v. Knecht,* 182 Ga.App. 820, 357 S.E.2d 159 (1987); *Culwell v. Lomas & Nettleton Co.,* 148 Ga.App. 478, 251 S.E.2d 579 (1978).

In considering a motion for summary judgment, the Court is bound by any uncontradicted and admissible evidence in the record. *Vickers v. Chrysler Credit Corp.,* 158 Ga.App. 434, 280 S.E.2d 842, 847 (1981); *Benton Brothers Ford Co. v. Cotton States Mutual Insurance Co.,* 157 Ga.App. 448, 278 S.E.2d 40 (1981); *Ford v. Georgia Power Co.,* 151 Ga.App. 748, 749, 261 S.E.2d 474 (1979).

When a motion for summary judgment is submitted and supported by evidence, an adverse party may not rest upon the allegations of its pleadings. To avoid summary judgment, an adverse party must set forth specific facts and evidence to show the genuine issues which must still be resolved at trial. O.C.G.A. §9-11-56(e); *Jordan v. Atlanta Replex Corp.,* 228 Ga.App. 670, 492 S.E.2d 536 (1997); *Evans v. City of Atlanta,* 199 Ga.App. 878, 406 S.E.2d 530 (1991); *Alghita v. Universal Investment & Manufacturing Co.,* 167 Ga.App. 562, 307 S.E.2d 99 (1983); *Curtis v. J.L. Todd Auction Co.,* 159 Ga.App. 863, 285 S.E.2d 596 (1981).

### V.     ARGUMENT AND CITATION OF AUTHORITY

**A.     THERE WAS NO PROBABLE CAUSE FOR THE INITIAL SEARCH AND SEIZURE OF THE FUNDS**

Physical evidence acquired by an unlawful search and seizure must be excluded at trial unless "intervening events break the causal connection" between the search and the statement. Evidence obtained as a direct result of an illegal search is tainted and inadmissible as "fruit of the poisonous tree." See *Taylor v. Alabama,* 457 U.S. 687

7

(1982); *Dunaway v. New York,* 442 U.S. 200 (1979); *Brown v. Illinois,* 422 U.S. 590 (1975).

In a forfeiture action, the "police must possess articulable facts to support such belief before they can take the object into custody. Moreover, if the owner of property seized under section 881(b)(4) believes that his property was seized without probable cause, the law provides him remedies essentially the same as those provided arrestees." *United States v. Valdes,* 876 F.2d 1554, 1559-1560 (11th Cir. 1989).

The Government cannot improperly seize evidence for a civil forfeiture or a criminal prosecution. "(T)he interests protected by both due process and the fourth amendment are parallel. Both due process and fourth amendment analysis balance the governmental interest against the owner's rights in the property." *Valdes, supra,* at 1560 n.12, citing *General Motors Leasing Corp. v. United States,* 429 U.S. 338, 352 n. 18 (1977).

An individual's consent to a warrantless search is a question of fact that must be resolved in light of the totality of the circumstances. The Government must prove that a consent was not a function of acquiescence to a claim of lawful authority. A consent to search is invalid unless it is freely and voluntarily given. *Florida v. Royer*, 460 U.S. 491 (1983); *United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995).

A consent cannot be effective if it is coerced by law enforcement officers. A defendant's verbal consent cannot justify a search that "was consciously designed to take full advantage of a coercive environment." *United States v. Washington*, 151 F.3d 1354, 1357 (11th Cir. 1998). See *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Bumper v.*

*North Carolina*, 391 U.S. 543 (1968); *United States v. Gonzalez*, 71 F.3d 819 (11th Cir. 1995).

A failure to advise a defendant of his right to refuse to consent to a search may establish that the defendant's consent was involuntary. A consent requires knowledge of a legal alternative. *United States v. Guapi,* 144 F.3d 1393 (11th Cir. 1998); *United States v. Chemaly*, 741 F.2d 1346 (11th Cir. 1984).

In the case at bar, the Funds were initially seized during a routine traffic stop initiated by a municipal police officer. The officer had no legal grounds to search Claimant's vehicle, but the officer stated "that he was going to search the vehicle." Claimant never consented to the search and he was never advised that he could refuse to consent to the search.

The officer then asked Claimant how much currency was in his vehicle. Claimant truthfully acknowledged that he was carrying $28,000.00 in a locked storage box. Claimant explained that he intended to use the money to purchase a truckload of tomatoes at the Farmer's Market, but he was unable to negotiate an acceptable price. However, Claimant's cooperation and truthful response to questioning cannot be construed as a consent to the search. *Guapi, supra; Chemaly, supra.*

At that point, the officer did not have any information to contradict Claimant's legal justification for possessing the Funds. It was undisputed that Claimant was carrying the Funds in a secure location and a reasonable manner. Claimant was cooperative and he directly answered all of the officer's questions. There was simply no "probable cause" for the officer to search the vehicle or to seize the Funds.

9

**B.     THERE IS NO FACTUAL BASIS
          <u>FOR FORFEITURE OF THE FUNDS</u>**

In a civil forfeiture proceeding, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . (If) the Government's theory of forfeiture is that property "is connected to a criminal offense," then the Government must "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c).

The burden of proof shifts to the claimant after the Government shows "probable cause to forfeit the property." *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties of the State of Alabama*, 941 F.2 1428, 1438 (11th Cir. 1991). "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." However, a claimant bears the burden of proving that he "is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d).

These statutory provisions on the burden of proof do not conflict. The Government must prove that the initial seizure of property was justified by connecting the property to a specific criminal activity, such as a drug offense. An "innocent owner" still has an opportunity to prove his claim to the property after the Government has proven that the property is forfeitable based on its connection to criminal activity.

In the case at bar, the Government seeks forfeiture based on a theory that "(t)he Defendant Property is subject to forfeiture pursuance to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds

traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act."  Doc. 1, pp. 2-3, ¶ 7.

However, the Government has no real evidence to support this theory.  The Government concedes that it cannot connect the Funds to any drug transaction or drug activity, nor can it identify any person who used or acquired the Funds through drug activity.  Exhibits 4, 6.

The Government repeatedly asserts that the Funds are subject to Forfeiture "based on the totality of the evidence and circumstances."  However, the Government utterly failed to identify any specific "evidence or circumstances" that connect the Funds to drug activity.  Exhibits 4, 6.

The only supporting "evidence and circumstances" cited by the Government is a series of meaningless allegations.  These allegations include an odor of marijuana in Claimant's vehicle; an admission that the passenger had smoked marijuana; the storage of the Funds in a safe in $1,000 bundles; the lack of bank records in Claimant's vehicle; Claimant's inability to remember his total income from selling produce; and Claimant's prior drug trafficking conviction.[1]  Exhibit 6, ¶ 3.

None of these factual allegations create an inference that the Funds are connected to drug activity.  In fact, all of these allegations are entirely consistent with Claimant's undisputed explanation that he possessed the Funds for a legitimate business transaction.

---

[1] The Government actually alleges that Claimant has "numerous prior drug trafficking convictions."  However, the criminal history report produced by the Government verifies that Claimant has only one (1) drug trafficking conviction on November 8, 2000.

11

During the traffic stop, Claimant told the police officer that he had the Funds in a safe inside the vehicle.  Claimant stated that he was attempting to purchase a truckload of tomatoes at Farmer's Market as a business venture with D&D Farms.  Claimant stated that he previously negotiated comparable cash transactions for produce, but he was unable to negotiate an acceptable price.  Exhibit 4, ¶ 6; Exhibit 6, ¶ 12, 13; Exhibit 5.

Claimant was completely cooperative and answered all of the police officer's questions.  Exhibit 6, ¶¶ 15, 17; Doc. 6, ¶ 7.  It is undisputed that the Government has no evidence to contradict Claimant's contentions and evidence.  Exhibit 3, ¶ 6.

Claimant is entitled to summary judgment because the undisputed evidence shows that there is no demonstrable connection between the Funds and any illegal drug activity.  See *United States v. One 1998 Tractor*, 288 F.Supp.2d 710 (D.W.Va. 2003), *aff'd,* 117 Fed.Appx. 863 (4th Cir. 2004).

### C.  PLAINTIFF ADMITTED THAT THE FUNDS ARE NOT SUBJECT TO FORFEITURE

A party may seek to prove essential facts in support of a claim by filing a request for admissions.  Fed.R.Civ.P. 36(a)(1).  The opposing party must admit or deny any facts alleged in this manner.  Any matters deemed admitted under this statute are "conclusively established."  Fed.R.Civ.P. 36(b).  See *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.,* 656 F.Supp. 826, 828 (M.D.Fla. 1987).

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed.R.Civ.P. 36(a).

On November 7, 2011, Claimant served requests for admission on the Government by United States mail. Allowing three (3) days for delivery, these requests were served on November 10, 2011. See Fed.R.Civ.P. 5(b)(2)(C) & 6(d); Local Rule 6.3.

However, the Government failed to respond to these requests for admission within 30 days. The Government failed to respond until December 14, 2011, so the matters stated in Claimant's requests for admission are now admitted as a matter of law in support of a motion for summary judgment. See *United States v. 2204 Barbara Lane,* 960 F.2d 126, 129-130 (11th Cir. 1992).

Request No. 1 asks the Government to "(a)dmit that there was no probable cause for the seizure of the Funds." Exhibit 3, ¶ 1. The Government's untimely denial "based on the totality of the circumstances" has no legal effect. Exhibit 4, ¶ 1. The Government made no effort to withdraw its admission that the Funds were seized without probable cause.

Request No. 2 asks the Government to "(a)dmit that the Funds are not subject to forfeiture." Exhibit 3, ¶ 2. Again, the Government's untimely denial has no legal effect. Exhibit 4, ¶ 2. The Government made no attempt to withdraw its admission that the Funds are not subject to forfeiture.

Even if the Government had some evidence to support this forfeiture action, Claimant would still be entitled to a summary judgment based upon these admissions.

## VI.     CONCLUSION

For the reasons set forth herein, Claimant TIRRELL KITCHINGS is entitled to summary judgment on his claim to the Defendant Property.  This forfeiture action should be dismissed and the seized $28,000.00 in United States Funds should be returned to Claimant instanter.

                Respectfully submitted,

                /s/ *James W. Howard*
                James W. Howard
                Georgia Bar No. 370925
                Attorney for Claimant

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Claimant Kitchings's Motion for Summary Judgment and Brief in Support* with the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

>Danial E. Bennett, Esq.
>Assistant United States Attorney
>600 United States Courthouse
>75 Spring Street, S.W.
>Atlanta, Georgia  30335
>Danial.Bennett@usdoj.gov

This 6th day of January, 2012.

/s/  *James W. Howard*
James W. Howard
Attorney for Claimant KITCHINGS
Georgia Bar No. 370925

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080
jhoward@howardfirm.com