IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     Plaintiff, : | |
| : | CASE NO. 3:11-CV-130 (CAR) |
| v. : | |
| : | |
| $28,000.00 IN UNITED STATES : | |
| FUNDS, : | |
|     Defendant Property, : | |
| : | |
| TIRRELL KITCHINGS, : | |
|     Claimant. : | |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT KITCHINGS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the United States of America, Plaintiff, by and through the United States Attorney for the Middle District of Georgia, and hereby opposes and responds to the motion for summary judgment filed by Tirrell Kitchings, through his counsel, James W. Howard:

**I.    PROCEDURAL HISTORY AND BACKGROUND**

This action arose out of the seizure of $28,000.00 in United States currency on March 15, 2011, during a traffic stop on Interstate 20 in Social Circle, Walton County, Georgia. (Doc. 1, ¶ 2; Aff. Galimore ¶¶ 4, 12.)  The Social Circle Police Department ("SCPD") stopped the Chevy Malibu that Claimant Tirrell Kitchings was driving for failure to maintain his lane and for a non-working brake light. (Doc. 1, ¶¶ 8, 10, 11; Aff.

Galimore ¶ 4.)  During the stop, SCPD Officer Anthony Galimore detected a strong odor of marijuana coming from inside the vehicle. (Doc. 1, ¶ 9; Aff. Galimore ¶ 5.)  A subsequent search of the car recovered $28,000.00 in cash concealed in a safe behind the passenger seat. (Doc. 1, ¶¶ 14-15; Aff. Galimore ¶¶ 9, 12.)

On September 13, 2011, the Government filed this civil forfeiture action against the Defendant Property, alleging that it is subject to forfeiture pursuant to 18 U.S.C. § 881(a)(6). (Doc. 1.)  The Defendant Property was arrested and seized pursuant to a Warrant of Arrest In Rem on September 14, 2011, by the United States Marshals Service, and the Process Receipt and Return was filed with the Court that same date. (Docs. 2-4.)  The Government published notice of this forfeiture, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A Declaration of Publication was filed herein on October 27, 2011, specifying the details of the Internet publication. (Doc. 8.)  On October 12, 2011, Mr. Kitchings, through his counsel of record, filed a timely Claim to the Verified Complaint for Forfeiture in this action, asserting his interest in the Defendant Property, as well as an Answer, to the Complaint. (Docs. 6-7.)

On November 14, 2011, the Government received from the Claimant his First Request for Admissions and his First Interrogatories. (Doc. 9, Exhibits 3 and 5.)  The Government responded to these requests on December 14, 2011.[1] (Doc. 9, Exhibits 4 and 6.) Prior to this response, the Government had propounded Special Interrogatories on

---

[1] Though the Court has not yet issued a scheduling/discovery order, and the Government was not under any obligation to provide responses to the Claimant's discovery requests, as a courtesy, the Government elected to submit responses to the Claimant, rather than requiring that the requests be re-served once the Court's order is entered.

2

the Claimant, on November 18, 2011.[2] Those Special Interrogatories went unanswered; the Government resent the Special Interrogatories on December 19, 2011, and the Claimant through his counsel acknowledged receiving them on December 20, 2011. No further discovery has yet taken place in this action.

The Claimant filed with this Court on January 6, 2012, a Motion for Summary Judgment, which for the reasons stated below, the Government now opposes. (Doc. 9.)

## II.     STATEMENT OF FACTS

The facts that Claimant Kitchings alleges as material and undisputed are each addressed by the Government in a separate document filed in conjunction with the Government's Response and Memorandum of Law in Opposition to Claimant Kitchings' Motion for Summary Judgment.

## III.     THE SUMMARY JUDGMENT STANDARD

The Court may grant summary judgment only if the moving party "shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[3] A genuine dispute exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

---

[2] Supplemental Rule G(6)(a) of the Federal Rules of Civil Procedure provides that, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed."

[3] For reasons that are not at all clear to the Government, Claimant has couched his Motion in a summary judgment standard that he derives entirely from state law. (Doc. 9, pages 5-7.) However, this is a federal civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6) to forfeit and condemn to the use and benefit of the United States certain property. (Doc. 1, ¶ 1.) Such actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. To the extent that Rule G does not address an issue, the Federal Rules of Civil Procedure also apply. Rule G(1). Given the federal nature of this action, the suggestion that a state summary judgment standard would apply rather than the standard contained within FED. R. CIV. P. 56 is puzzling.

3

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986). The party that seeks summary judgment bears the initial burden of informing the district court of the basis for its motion and indicating those aspects of the pleadings, depositions, answers to interrogatories, admissions, and affidavits that show an absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). For there to be no genuine dispute as to a material fact, the evidence must be so slight that a reasonable jury could not return a verdict for the nonmoving party; indeed, there must be so little evidence that reasonable minds could not differ as to this result. *Anderson*, 477 U.S. at 249-52. Additionally, a dispute is not genuine if it is unsupported by competent evidence or if it is created by evidence that is merely "colorable" or is "not significantly probative." *Id.* at 249-50 (citations omitted).

The non-moving party may survive a motion for summary judgment by coming "forward with sufficient evidence on each element that must be proved." *Kee v. National Reserve Life Ins. Co.*, 918 F.2d 1538, 1543 (11th Cir. 1990) (emphasis in original; citation omitted). Importantly, during the summary judgment stage a determination of the relevant facts must be made, and all inferences must be drawn in favor of the opposing party "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007).

        **IV.**    **<u>ARGUMENT AND CITATION OF AUTHORITY</u>**

The Claimant endeavors to explain away evidence harmful to his case by simply labeling it as "a series of meaningless allegations." (Doc. 9, page 11.) Thus, he contends,

4

it is "meaningless" that he was driving a car in which marijuana was being smoked, with $28,000.00 cash secreted away in a safe beneath the passenger seat. So too, it must be "meaningless" that he had no bank records to indicate the source of the money, as well as an inability to recall what income he receives from the venture that purportedly supplied the funds. As for the Claimant's prior drug arrests, he would have the Court believe they are "meaningless" as well.

The Claimant's hyperbole cannot supplant law, and the evidence against him cannot be rendered "meaningless" just because he says it is so. Additionally, Claimant has submitted to the Court an argument for suppressing evidence in a motion he has styled as a request for summary judgment. Even though this is improper, as discussed below, his suppression argument fails, given that the stop and search of the car he was driving, and the seizure of the funds, were all supported by probable cause. The Claimant has further mistaken what the law requires the Government to prove in civil forfeiture cases: no direct evidence of a connection between the currency and a specific drug transaction is needed; the government may merely use circumstantial evidence to suggest a connection between the currency and the drug trade generally. Finally, as if these missteps were not enough, the Claimant wrongly assumes the Government did not timely respond to his Request for Admissions, and then asks this Court for summary judgment before any significant discovery has taken place. Yet in all of this, the Claimant has failed at the task most relevant to a motion for summary judgment: he has not demonstrated the absence of a genuine dispute as to any material fact in this case.

5

### A. Officer Galimore had probable cause to stop and search the vehicle the Claimant was driving.

Law enforcement may conduct a traffic stop where there is probable cause, or a "reasonable, articulable suspicion based on objective facts," that an individual has engaged in, or is about to engage in, criminal activity. *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) (per curiam); *United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000). *See also Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968). A violation of "any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles" is sufficient to establish probable cause so that an officer may execute a traffic stop. *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (quoting *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990)).

Upon executing a lawful stop, the smell of marijuana alone provides sufficient reasonable suspicion to warrant further investigation of criminal activity. *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010); *Bryan v. Spillman*, 217 Fed. Appx. 882, 885 (11th Cir. 2007) (citing *United States v. Garcia*, 592 F.2d 259, 260 (5th Cir. 1979)). Moreover, this observation furnishes probable cause to search the stopped vehicle. *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982) (it is "clearly established that the recognizable smell of marijuana gives rise to probable cause supporting a warrantless search"); *see also United States v. Salley*, 341 Fed. App'x 498, 200 n.2 (11th Cir. 2009) (same); *United States v. Murray*, No. CR410-266, 2011 WL 1806983 at *4 (S.D. Ga. March 16, 2011) (same).

In this case, Social Circle Police Department Officer Anthony Galimore lawfully stopped the Claimant's car for a non-working brake light and failure to maintain his lane, both violations of Georgia traffic laws. (Doc. 1, ¶¶ 8, 11; Aff. Galimore, ¶ 4; *see also* O.C.G.A. §§ 40-8-23, 40-6-48(1).)  Upon approaching the passenger side of the vehicle, Officer Gallimore detected a strong odor of marijuana. (Doc. 1, ¶ 9; Aff. Galimore, ¶ 5.) After asking the Claimant to step to the rear of the vehicle, he observed signs of nervousness – the Claimant had small beads of sweat on his forehead and was licking his lips often. (Doc. 1, ¶ 11; Aff. Galimore, ¶ 6.)  The Claimant then admitted to Officer Galimore that his passenger had been smoking marijuana inside the vehicle just before he had been stopped. (Doc. 1, ¶ 12; Aff. Galimore, ¶ 7.)  These facts taken together – the strong odor of marijuana, the Claimant's nervousness, and his admission that marijuana was being smoked in his vehicle just prior to the stop – provided sufficient probable cause for Officer Galimore to search the vehicle.  What's more, upon informing the Claimant that he was going to search the vehicle, the Claimant made no objection, thereby consenting to the search.

Of course, while Claimant makes much of what he purports to be an illegal search, he has chosen the wrong avenue through which to seek relief.  The remedy for an illegal search lies with a motion to suppress, and not a motion for summary judgment, because the Government may proceed with a forfeiture using independently derived evidence. *United States v. $172,760.00 in U.S. Funds*, No. 7:06CV00051 (HL), 2007 WL 4224932, at *2 (M.D. Ga. Nov. 27, 2007).  Even if the currency were illegally seized, the proper remedy would be suppression of the currency as evidence. The illegality of a

7

search would not itself be a reason for summary judgment on the merits. *Id.* Further, summary judgment does not require an evidentiary hearing, as do most suppression issues, and is based upon the record of the case as it already exists. If the Claimant wants to challenge the legality of the seizure of the Defendant Property, he should file a motion to suppress. *Id.* at n.1.

### B. Even at this early stage of litigation, the Government has sufficiently demonstrated a connection between the Defendant Property and illegal drug activity.

In his motion, Claimant correctly quotes 18 U.S.C. 983(c). That is, it is indeed true that "[t]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." From this, however, he also claims the Government has not satisfied its burden because it has not produced sufficient evidence connecting the Defendant Property to a specific illegal drug transaction. It is here that the Claimant, who cites just one post-CAFRA[4] case dealing with civil forfeiture, either misinterprets, misunderstands, or misstates the law regarding what the Government is required to prove.

To establish a preponderance of the evidence, the Government does not need to show a substantial connection between the Defendant Property and a specific drug transaction, as the Claimant alleges. *United States v. $125,938.62 Proceeds of Certificates of Deposit*, 537 F.3d 1287, 1293 n.2 (11th Cir. 2008) (the substantial connection requirement only applies in facilitation cases; it does not apply where the Government's theory is

---

[4] The Civil Asset Forfeiture Reform Act of 2000 Pub. L. No. 106-185, 114 Stat. 202, (CAFRA), among other things, consolidated and established more uniform procedural provisions governing civil forfeiture.

8

that the property was purchased with the fruits of the crime); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (en banc) (in a civil forfeiture case based on drug trafficking, the Government does not have to show a relationship between the property and a particular drug transaction); *United States v. Approximately $19,500 in U.S. Currency*, No. 1:09-CV-00791-LJO-GSA, 2009 WL 3806263, at *3 (E.D. Cal. Nov. 12, 2009) (the Government need not show a relationship between proceeds and a specific drug transaction); *United States v. $147,900 in U.S. Currency*, No. 1:06-CV-197, 2009 WL 903356, at *8 (M.D.N.C. Mar. 31, 2009) (court grants summary judgment based on circumstantial evidence that money is drug proceeds; it is not necessary to link the money to a particular drug transaction).

In fact, courts take a common sense view of the totality of the circumstances in forfeiture cases. *$242,484.00*, 389 F.3d at 1160. The Government may meet its initial burden by relying on circumstantial evidence as well as evidence gathered during the follow up investigation to the seizure. *Id.; see also* 18 U.S.C. § 983(c)(2) (providing for the use of evidence obtained after the filing of the complaint). Thus, a number of factors are probative of a substantial connection between the seized currency and narcotics activity. This includes a claimant's narcotics-related criminal history, *United States v. $52,000, More or Less, in U.S. Currency*, 580 F. Supp.2d 1036, 1042 (S.D. Ala. 2007); *United States v. U.S. Currency Totaling $101,207.00*, No. 1:01-CV-162, 2007 WL 4106262, at *6 (S.D. Ga. Nov. 16, 2007); the fact that he is transporting a large amount of cash, *United States v. $183,791.00 in U.S. Currency*, 391 Fed. Appx. 791, 795 (11th Cir. 2010); and the proximity of the currency to narcotics. *See United States v. $10,700 in U.S. Currency*, 258

9

F.3d 215, 224 (3d Cir. 2001); *United States v. $26,620 in U.S. Currency*, No. Civ.A. 2:05CV50WCO, 2006 WL 949938, at *8 (N.D. Ga. April 12, 2006).

When considering these factors, several pieces of evidence exist here that suggest a connection between the Defendant Property and some illegal drug transaction. First, the Claimant has a prior narcotics-related criminal history. This includes an arrest for trafficking cocaine and possession with intent to distribute cocaine in close proximity to a school or park; a conviction for distributing or selling a drug other than crack cocaine near a school; and a conviction for conspiracy to possess with intent to distribute cocaine. Second, the Claimant was transporting a large amount of currency – in this case, $28,000.00 bundled in $1,000.00 increments and concealed in a safe in the back of a car belonging to a third party. (Doc. 1, ¶¶ 15, 21; Aff. Galimore, ¶ 8, 9, 12.) This is significant because common sense says that legitimate businesses do not transport large quantities of bundled currency; there are better, safer means for moving currency if one is not trying to hide it from authorities. *$242,484.00*, 389 F.3d at 1161. It is equally true that drug dealers operate through couriers and almost exclusively in cash: "One would be hard-pressed to encounter a dealer in narcotics who accepted a personal check or a credit card payment." *Id*. Finally, the Claimant was transporting the Defendant Property in a vehicle in which he admits that marijuana was being smoked just moments prior to the stop. (Doc. 1, ¶ 12; Aff. Galimore ¶ 7.) For purposes of a forfeiture case like this one, "a large amount of currency found in close proximity to drugs or drug paraphernalia is evidence of drug trafficking." *$26,620 in U.S. Currency*, 2006 WL 949938, at *8.

### C.  The Government timely responded to the Claimant's Request for Admissions, thereby admitting nothing more than what it previously indicated in its Response.

The Claimant's assertion that the Government did not timely respond to his Request for Admissions is factually incorrect.  The Claimant states that he mailed his Request on November 7, 2011, and that the Government did not respond until December 14, 2011 – beyond the thirty (30) days contemplated by FED. R. CIV. P. 36(a)(3).  However, the Claimant has wrongly assumed that his Request was delivered three days after it was mailed. *See* FED. R. CIV. P. 5(b)(2)(C), 6(d).  It was not.  The Claimant's Request for Admissions was in fact not received by the Government until November 14, 2011, when it actually arrived in the Office of the United States Attorney for the Middle District of Georgia.  This is evidenced by the date stamp affixed to the back of the Claimant's Request by mailroom personnel from this office. *See* Exhibit A attached hereto.  Because the Request was not served until that date, the thirty (30) day deadline did not expire until the end of December 14, 2011. *See* FED. R. CIV. P. 6(a).  As the Claimant has observed, the Government's Response was sent via FedEx and emailed to Claimant's counsel on the 14th of December, 2011. Therefore, the Government's Response arrived on time, and the Government has admitted nothing beyond that which is contained within its response.

The Government will not guess at the exact reason for the seven day span between the time Claimant finished typing his Request for Admissions and the date it actually arrived in this office.  However, the Government would point out that any

11

number of things might have prolonged service: the Claimant might not have actually mailed his request on November 7, 2011; the Post Office might have mishandled the mail; the November 11 Veteran's Day holiday may have delayed mail service into the next week. All that is certain is that the Request did not arrive in this office until November 14, 2011.[5]

### D. It is premature for the Court to consider summary judgment in this case when so little discovery has taken place.

The Claimant has requested summary judgment before the Government has had an opportunity to conduct any significant discovery. However, summary judgment is proper only "after an adequate time for discovery has passed." *AFL-CIO v. Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011); *Celotex Corp.*, 477 U.S. at 322. In fact, a party cannot assert that a fact is or is not in genuine dispute without citing to discovery materials in the record, which plainly requires the existence of "depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Notably, in civil forfeiture cases, the Government is further entitled to continue gathering evidence after filing its complaint, placing even greater importance on the need for an adequate period of discovery prior to a summary judgment motion. *See* 18 U.S.C. § 983(c)(2).

There has been minimal discovery in this case. The Government has not had the opportunity to depose the Claimant or any of his witnesses, nor has it been able to

---

[5] It is noteworthy that the Claimant's Responses to Plaintiff's Special Interrogatories were mailed out on January 10, 2012, as evidenced by the postal date stamp affixed on the envelope and signed Certificate of Service, and was not received by the Office of the United States Attorney, Middle District of Georgia until January 17, 2012 (seven days later), as evidenced by the date stamp affixed to the back of the document by mailroom personnel from this office. *See* Exhibit B attached hereto.

acquire any documentary evidence from the Claimant. In fact, the Claimant did not even pickup the Government's original set of Special Interrogatories, sent via certified mail, from the Post Office. Then, after the Government resent the Special Interrogatories and provided the Claimant an additional 21 days to respond, he filed his Motion for Summary Judgment. The Claimant did not send his Special Interrogatory responses until more than a week after he filed his Motion for Summary Judgment. Consequently, as of the filing of this Response, the only discovery materials in existence are the Claimant's Response to the Government's Special Interrogatories, and the Government's Response to both the Claimant's Request for Admissions, and his First Set of Interrogatories.

## V.   CONCLUSION

The Claimant has not offered any material fact that is not in dispute; therefore, summary judgment is inappropriate. The Government respectfully requests that the Claimant's Motion for Summary Judgment be denied.

RESPECTUFLLY SUBMITTED this January 26th, 2012.

          MICHAEL J. MOORE
          UNITED STATES ATTORNEY


By:   s/ DANIAL E. BENNETT
       ASSISTANT UNITED STATES ATTORNEY
       GEORGIA STATE BAR NO.  052683
       UNITED STATES ATTORNEY'S OFFICE
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       Facsimile: (478) 621-2712