IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : |
| | :    CASE NO. 3:11-CV-130 (CAR) |
| v. | : |
| | : |
| $28,000.00 IN UNITED STATES FUNDS, | : |
|     Defendant Property, | : |
| | : |
| TIRRELL KITCHINGS, | : |
|     Claimant. | : |

## UNITED STATES' RESPONSE TO CLAIMANT KITCHINGS' STATEMENT OF MATERIAL FACTS

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and submits this response to Claimant's Statement of Material Facts:

1. The Government agrees that Claimant's full name is Tirrell Marquis Kitchings. The Government further agrees that he has properly asserted his legal right to claim an interest in the Defendant Property. (Doc. 1, and Docs. 6-7.)

2. The Government challenges this statement as an assertion of fact. Claimant has merely stated a proposition without providing any evidence supporting the existence of D & D Farms, L.L.C.; Claimant's relationship thereto; the Defendant Property's relationship thereto; or Claimant's authority to act on behalf of D & D Farms.

3.      The Government challenges this statement as an assertion of fact. Claimant has merely stated a proposition without providing any evidence supporting the existence of D & D Farms, L.L.C.; Claimant's relationship thereto; the Defendant Property's relationship thereto; or Claimant's authority to act on behalf of D & D Farms. Further, Claimant has not provided any evidence supporting his claimed intention to purchase tomatoes to sell at profit, his presence at the Farmer's Market in Forest Park, Georgia, or the collective contributions to the funds allegedly made by Claimant and D & D Farms.

4.      The Government challenges this statement as an assertion of fact. Claimant has merely stated a proposition without providing evidence that he attempted any tomato transaction, or, even if he did, that the transaction failed because he could not negotiate an acceptable price.

5.      The Government partially challenges this statement as an assertion of fact. The Government agrees that Claimant was driving east on Interstate 20 near mile marker 102; however, the Claimant has not provided evidence that his final destination was South Carolina.  The Government agrees that the vehicle was stopped by Officer Anthony Galimore, a police officer employed by the Social Circle Police Department in Walton County, Georgia.  The Government agrees that Officer Galimore, after detecting a strong odor of marijuana coming from the Claimant's vehicle, informed the Claimant that he was going to search the vehicle. (Doc. 1, ¶¶ 8, 9, 13, Aff. Galimore ¶¶ 4, 7, 8.)

6.      The Government agrees that Officer Galimore asked Claimant whether there were any drugs in the vehicle and how much currency Claimant had in the

vehicle.  The Government further agrees that Claimant stated that there were no drugs in the vehicle.  However, the Government disputes this statement as it pertains to the Claimant's response regarding the amount of currency in the vehicle; when asked by Officer Galimore how much currency he had, Claimant stated that he had about $29,000.00, and that it was located in a safe behind the passenger's seat. (Doc. 1, ¶¶ 13, 14, Aff. Galimore ¶¶ 7, 8.)

7. The Government agrees that Officer Galimore seized the Defendant Property on March 15, 2011, as an agent of a Georgia municipal law enforcement agency.  However, the Government disputes the assertion that the seizure was made without probable cause.  Numerous factors suggest that the Defendant Property seized from the Claimant was not derived from a legitimate source, including, but not limited to, the following: the Claimant's nervousness and sweating during the traffic stop; the strong odor of marijuana coming from inside the vehicle the Claimant was driving; the vehicle the Claimant was driving at the time was not owned by him; the Claimant's admission that marijuana was being smoked in the vehicle immediately prior to the traffic stop; the Claimant's prior narcotics violations; the prior narcotics violations of the Claimant's passenger and associate; the Claimant's conflicting statement as to how much currency was in the car, versus the amount of currency that was found in the safe; the Claimant's inability to provide evidence of a legitimate source of the funds, including but not limited to banking records; the fact that the currency was rubber-banded in $1,000.00 bundles and concealed in a safe; the Claimant's inability to answer basic question regarding the income his alleged produce venture provided him; and the

Claimant's failure to fully and completely respond to the Government's Special Interrogatories. (Doc. 1, and Aff. Galimore.)

8. The Government agrees that the seizure of the funds were subsequently adopted by the Drug Enforcement Administration.  (Doc. 1, ¶ 6.)

9. The Government disputes this as a statement of fact.  The Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*. (Doc. 1, and Aff. Galimore.)

10. The Government agrees that Officer Galimore asked Claimant whether he had a criminal record, and that in response, Claimant truthfully stated that he had a prior drug conviction for conspiracy to traffick cocaine.  The Government challenges the remainder of this statement as an assertion of fact, as Claimant has provided no evidence that his federal probation officer was fully aware that Claimant was involved in purchasing and transporting large quantities of produce, or that Claimant transported and paid large sums of cash for these transactions.  (Doc. 1, 16, Aff. Galimore ¶ 10.)

11. The Government disputes this as an assertion of material fact. The Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*.  (Doc. 1, and Aff. Galimore.)

12. The Government disputes this as an assertion of material fact.  Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*.  (Doc. 1, and Aff. Galimore.)

13. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*. (Doc. 1, and Aff. Galimore.)

14. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*. (Doc. 1, and Aff. Galimore.)

15. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*. (Doc. 1, and Aff. Galimore.)

16. The Government disputes this as an assertion of material fact. Although the Government does not have knowledge of a specific drug transaction, the Government seized and retained the Defendant Property based upon a totality of the circumstances as set forth in paragraph 7, *supra*. (Doc. 1, and Aff. Galimore.)

17. The Government agrees that Claimant was not charged with any drug offense as a result of the traffic stop on March 15, 2011, or the seizure of the funds.

18. The Government agrees that Claimant made these statements to Officer Galimore. However, the Government disputes this as an assertion of material fact because the Claimant has not provided evidence to support the veracity of these statements.

19. The Government agrees that Claimant cooperated with Officer Galimore and answered his questions.

RESPECTUFLLY SUBMITTED this January 26th, 2012.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY

By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO. 052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712