UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Civil Action |
| | ) | No. 3:11-CV-130 |
| $28,000.00 IN UNITED STATES | ) | |
| FUNDS, | ) | |
| | ) | |
|     Defendant Property, | ) | |
| | ) | |
| TIRRELL KITCHINGS, | ) | |
| | ) | |
|     Claimant | ) | |
| | ) | |

## ORDER ON CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

Currently before the Court in this civil forfeiture action is Claimant Tirrell Kitchings' Motion for Summary Judgment [Doc. 9].  As explained below, the Court finds Claimant filed this Motion prematurely, before the Government has had an opportunity to conduct any meaningful discovery.   Thus, Claimant's Motion is **DENIED without prejudice**.  The parties are hereby DIRECTED to submit to this Court a discovery status report within TEN (10) days of the date of this Order.  If necessary, the Court will then enter a Scheduling and Discovery Order.

## BACKGROUND AND PROCEDURAL HISTORY

The Government filed this Verified Complaint for Forfeiture alleging that the

money seized in this case is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance.  Thereafter, Claimant filed a claim to the money asserting that he legally owned the funds which he obtained through legitimate business transactions.

Prior to the entry of the Court's initial 16/26 Order (or the final Scheduling and Discovery Order), Claimant filed the current Motion for Summary Judgment.  The only discovery conducted prior to the filing of the Motion was the Government's responses to the Claimant's First Request for Admissions and his First Set of Interrogatories.  The Government has had no opportunity to depose the Claimant or any of his witnesses, nor has it been able to acquire any documentary evidence from the Claimant.

In his Motion, Claimant contends he is entitled summary judgment because (1) the funds were illegally seized, as the initial search and seizure were without probable cause; (2) there is no factual basis for a forfeiture of funds; and (3) the Government failed to respond to Claimant's request for admissions within the 30 day time limit, and thus the Government has admitted that the funds are not subject to forfeiture.  The Government argues Claimant prematurely filed this Motion, and the Court agrees. Moreover, the Court notes that the appropriate vehicle to challenge whether the funds were seized without probable cause is a motion to suppress, not a motion for summary judgment.

## ANALYSIS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1]  Indeed, district courts should not grant summary judgment until the non-movant has had "an adequate opportunity for discovery."[2]  The Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record."[3]  The Eleventh Circuit has stated that,

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.  The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.  If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.  Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.[4]

Clearly, when Claimant filed this Motion, the Government had no meaningful

---

[1] Fed. R. Civ. P. 56(a).

[2] *See, e.g., AFL-CIO v. Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) ("A party is entitled to summary judgment if, after an adequate time for discovery has passed, it can demonstrate that no genuine issue of material fact exists . . . .") (citations omitted);  *Galligan v. Raytheon Co.*, No. 8:08-cv-2427-T-33TGW, 2009 WL 2985689, at *1 (M.D. Fla., Sept. 15, 2009) ("Rule 56 implies that district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery.") (internal quotation marks and citation omitted).

[3] *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988).

[4] *Id.* (internal citations omitted).

opportunity to develop the facts pertinent to this case through discovery. Indeed, when Claimant filed his Motion, the Court had not even entered a Scheduling and Discovery Order in this case. A party cannot assert that a fact is (or is not) in genuine dispute without citing to discovery materials in the record.[5] Moreover, in civil forfeiture cases the Government is entitled to continue gathering evidence after filing its complaint, placing even greater importance on the need for an adequate period of discovery prior to the filing of a summary judgment motion.[6] Thus, the Court determines Claimant filed his Motion for Summary Judgment prematurely and denies it without prejudice.

The Court notes that should Claimant wish to challenge whether the subject funds were seized in violation of his constitutional rights because the police did not have probable cause to search the vehicle, he should file a motion to suppress, not a motion for summary judgment. Even if this Court were to find that the search was without probable cause, it would be an insufficient reason to grant summary judgment. It is well established in a civil forfeiture action "that an illegally seized asset can still be the subject of a civil forfeiture proceeding if the Government can meet its burden of proof with untainted evidence."[7] The proper remedy for addressing illegally-seized

---

[5] See Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials . . . .").

[6] See 18 U.S.C. § 983(c)(2) ("[T]he Government may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture . . . .").

[7] United States v. $172,760.000 in U.S. Funds, No. 7:06-CV-51 (HL), 2007 WL 4224932, at *2 (M.D. Ga. Nov. 27, 2007); see also United States v. $144,600.00, U.S. Currency, 757 F. Supp. 1342, 1345 (M.D. Fla. 1991)

evidence would be suppression of the evidence, not dismissal of the forfeiture action.[8]

The Court further notes that even if this Court determined the Government failed to file its responses to Claimant's requests for admission within the prescribed 30 days, the Government could file a motion to withdraw the admissions, which the Court would likely grant.  Under Federal Rule of Civil Procedure 36, if a party fails to respond to a request for admissions within the 30 days (or within such time as the court permits or to which the parties agree), the "matter is admitted."[9] "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[10]  Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[11]  As the Eleventh Circuit has noted, "[e]ssentially, Rule 36 is a time saver, designed 'to expedite the trial and to relieve the parties of the cost of proving <u>facts that will **not** be disputed at trial</u>.' That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly."[12]  The Eleventh Circuit has set forth a two-prong test governing the determination of whether a party

---

("[T]he fact that property was seized in violation of the Fourth Amendment will not immunize it from forfeiture.").

[8] *$172,760.00 in U.S. Funds,* 2007 WL 4224932, at *2.

[9] Fed. R. Civ. P. 36(a)(3).

[10] Fed. R. Civ. P. 36(b).

[11] *Id.*

[12] *Perez v. Miami-Dade Cnty.,* 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis in original) (quoting 8A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 2252 (2d ed. 1994)).

should be permitted to withdraw or amend admissions.  That test "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice. . . ."[13]

Here, Claimant argues that the Government's failure to timely respond to his requests for admissions resulted in the Government's admissions that there was no probable cause for the seizure of the funds and that the funds are not subject to forfeiture.  Clearly, these admissions are central to the claim, and withdrawal or amendment would resolve this action on the merits and would not prejudice Claimant. Indeed, the first prong of the test "is satisfied when upholding the admissions would practically eliminate any presentation on the merits."[14] Moreover, because the parties have conducted only minimal discovery, Claimant would suffer no prejudice.

Finally, the Court notes that not only do the purported facts in this case appear to present genuine issues of material fact, but the civil forfeiture standard itself usually depends on the presentation of evidence that must be weighed by the factfinder.  In a civil forfeiture action under 21 U.S.C. § 881(a)(6), the Government must show by a preponderance of the evidence that the property is subject to forfeiture and that there is a substantial connection between the property and an illegal drug transaction.[15] The

---

[13] *Id*. at 1265 (emphasis in original) (internal quotation and citation omitted).
[14] *Id*. at 1266.
[15] 18 U.S.C. § 983(c); *United States v. $242,484.00 in U.S. Currency*, 389 F.3d 1149, 1160 (11th Cir. 2004).

Government does not need to produce direct evidence of this connection; rather, the Government may rely on circumstantial evidence to meet its burden of proof.[16]   In attempting to meet its burden, the Government may use evidence "gathered after the filing of a complaint for forfeiture to establish . . . that [the] property is subject to forfeiture."[17]   In evaluating the evidence, the Court must use a "common sense view of the realities of normal life applied to the totality of the circumstances . . . ."[18] Keeping this standard in mind and having reviewed the purported facts in this case, the Court doubts summary judgment would be appropriate.

## CONCLUSION

For the reasons explained above, the Court hereby **DENIES without prejudice** Claimant's Motion for Summary Judgment [Doc. 9].   In light of the notes above, the parties are hereby DIRECTED to submit a discovery status report within TEN (10) days of the date of this Order.   In such report, the parties should indicate what discovery, if any, is left to be completed, what motions either party intends to file, or whether this case is ready for trial.   Finally, the Court notes that summary judgment is rarely appropriate in a civil forfeiture case.

SO ORDERED this 24th day of September, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL

---

[16] *$242,484.00 in U.S. Currency*, 389 F.3d at 1160.

[17] 18 U.S.C. § 983(c).

[18] *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001).

United States District Judge

SSH/lmh