IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-130 (CAR) |
| | : | |
| $28,000.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property. | : | |
| | : | |
| TIRRELL KITCHINGS, | : | |
| | : | |
| Claimant. | : | |

## CLAIMANT'S MOTION TO DISQUALIFY
## DISTRICT JUDGE AND BRIEF IN SUPPORT

Claimant TIRRELL KITCHINGS ("Claimant") respectfully moves United
States District Judge C. Ashley Royal to disqualify himself from presiding on or
otherwise acting to resolve Claimant's claim in this case.

Claimant reasonably doubts that Judge Royal will be completely fair and
impartial in resolving Claimant's claim to the Defendant Property.  This motion is
based on Judge Royal's *Order on Claimant's Motion for Summary Judgment* (Doc.
17), the appearance of impropriety and facts which would cause an objective
observer to reasonably suspect that the judge is biased for or against a party.

## ARGUMENT AND CITATION OF AUTHORITY

Title 28 U.S.C. § 455(a) states that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned."  The statute was adopted in conformity with the analogous canon in the Code of the Judicial Conduct.  *United States v. Young,* 39 F.3d 1561(11th Cir. 1994).  Section 455 also supplements the provisions in 42 U.S.C. § 144 for judicial recusal or disqualification based upon a party's affidavit asserting judicial bias or prejudice.[1]

A motion should be reassigned to be resolved by a different judge whenever the impartiality of a judicial officer "might reasonably be questioned" by other persons.  A judge's actual knowledge and motives are immaterial if a reassignment would "promote public confidence in the integrity of the judicial process."  *Litekey v. United States,* 510 U.S. 540, 548 (1994); *Lijeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 859-860 (1988).  See *United States v. Torkington,* 874 F.2d

---

[1]  28 U.S.C. § 455 should be construed *in pari materia* with 28 U.S.C. §144. However, § 455 is broader and it is not restricted by the procedural requirements of §144.  *Litekey v. United States,* 510 U.S. 540, 544-48 (1994); *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1051-52 (5th Cir. 1975), *cert. denied,* 425 U.S. 944 (1976).

Recusal is one form of disqualification based on a conflict of interest.  Thus, the rules and case law on recusal also apply to other forms of disqualification, including circumstances where a judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

1441, 1446 (11th cir. 1989); *United States v. White,* 846 F.2d 678, 695 (11th Cir. 1998); *Unites States v. Holland,* 655 F.2d 44, 47 (5th Cir. 1981).

A motion should be reassigned to another judge where the assigned judge would reasonably find it difficult to disregard previously expressed views, erroneous findings of fact, or factual findings that were prematurely based on contested evidence. *Alexander v. Primerica Holdings,* 10 F.3d 155 (3d Cir. 1993); *Torkington, supra,* 874 F.2d at 1447; *White, supra,* 846 F.2d at 696. In the case at bar, Judge Royal would reasonably find it difficult to disregard his previously expressed views that the Government needs additional discovery that it never sought and that he would probably grant a prospective Government motion to withdraw its admissions.

In *Murray v. Scott,* 235 F.3d 1308 (11th Cir. 2001), the plaintiff filed a motion to recuse a district judge based on a concern that the judge had some personal knowledge of disputed facts. The Eleventh Circuit reversed the judge's order granting the defendants' motion for summary judgment because the judge had a "self-enforcing obligation to recuse himself where the proper legal grounds exist." *Id.* at 1310, quoting *United States v. State of Alabama,* 828 F.2d 1532, 1540 (11th Cir. 1987).

"Most important, the benefit of the doubt must be resolved in favor of recusal." *Murray, supra,* 253 F.3d at 1310. In *Murray,* the judge abused his

3

discretion by failing to recuse himself despite the plaintiff's showing that the judge "<u>may</u> have knowledge of facts in dispute" (emphasis added).  In a close case, a federal judge "must err on the side of recusal."  *Id.* at 1313.

"Actual partiality" is not one of the "prerequisites to disqualification" under § 455(a).  The issue is "whether an objective, disinterested lay observer…would entertain a significant doubt about the judge's partiality."  *United States v. Kelly*, 888 F.2d 732, 744-45 (11th Cir. 1989).  If so, another judge should be reassigned to preserve the appearance of justice and fairness.  *Torkington, supra,* 874 F.2d at 1446; *White, supra,* 846 F.2d at 696.

A motion should be reassigned to another judge if the case has "maintained a 'stalemated posture' because of the (presiding) judge's intransigence."  *Id.* at 695, citing *Brooks v. Central Bank of Birmingham,* 717 F.2d 1340, 1343 (11th Cir. 1983).  In the case at bar, the Court could have resolved Defendant's motion for summary judgment long ago by simply considering the undisputed evidence supporting Claimant's claim to the Defendant Property.  Judge Royal's reluctance to resolve the motion on its merits created an impasse to the prompt and orderly resolution of this entire case.

In the case at bar, Judge Royal's decision to disqualify himself cannot be based on whether he is actually biased or he cannot act impartially to resolve Claimant's *Motion for Reconsideration of Order Denying Summary Judgment*.  The

4

federal courts must promote "the integrity of the judicial process" by avoiding any appearance of impropriety or bias and promoting fairness.  Thus, any reason for a reasonable person to doubt or question Judge Royal's impartiality as a judicial officer in this matter requires prompt reassignment of the motion.  42 U.S.C. §455(a); *Litekay, supra,* 510 U.S. at 548; *Lijeberg, supra,* 485 U.S. at 860; *Kelly, supra,* 888 F.2d at 744; *Torkington, supra,* 874 F.2d at 1446; *White, supra,* 846 F.2d at 645; *Potashnik v. Port City Construction Co.,* 609 F.2d 1101, 1111 (5th Cir.), *cert. denied,* 449 U.S. 820 (1980).

A motion should be reassigned to another judge where reassignment would not entail a waste or duplication of effort out of proportion to the gain in preserving the appearance of fairness.  *White, supra,* 846 F.2d at 696.

In the case at bar, no substantial effort would be wasted by a reassignment because no evidentiary hearing has been conducted or scheduled.  At the same time, a reassignment would certainly preserve the appearance of fairness in reconsidering and resolving Claimant's motion for summary judge.  "(A) different judge could quickly become familiar" with Claimant's motion for reconsideration of his summary judgment motion.  *Torkington, supra,* 874 F.2d at 1447.

## A.   The Order is Based on Granting an Unfiled, Unmentioned, Unjustified Motion

Judge Royal's *Order* explicitly states that he "would likely grant" a Plaintiff ("the Government") motion to withdraw its admissions.  However, the Government

has not filed such a motion, never stated any intent to file such a motion and never asserted any legal grounds for withdrawing its admissions.  Judge Royal's premature conclusion that he would forgive the Government's admissions is inconsistent with his prior rulings.  Judge Royal previously refused to give the claimant in another forfeiture case the same consideration.

Judge Royal is treating the Government much differently than he treated the claimant in *United States v. Martinez, et al.,* M.D.Ga., 3:06-CR-41-21(CAR).  In *Martinez*, Juanita Davenport asserted a claim to seized property.  Unfortunately, Davenport's attorney misunderstood the applicable guideline for filing the claim. Although Davenport's claim was filed prior to the deadline for other claimants, it was inadvertently filed a week after the deadline which specifically applied to Davenport based on a notice that she never personally received.

Judge Royal refused to forgive the claimant's failure to meet the deadline for filing her claim.  Despite undisputed evidence that the error was due to the attorney's misunderstanding of the deadline, [2] Judge Royal refused to grant the claimant any relief from missing the deadline.  As a result, Davenport forfeited $214,000 in United States Currency to the Government.

---

[2] Davenport retained new counsel and submitted affidavits from herself and her prior attorney.  The affidavits clearly established that Davenport was completely unaware of the earlier deadline and her attorney misunderstood which deadline was applicable to Davenport's claim.

Now that the shoe is on the other foot, Judge Royal is already prepared to allow the Government to withdraw its admissions.  Judge Royal's *Order* indicates that he would grant relief for the Government's untimely response to Claimant's request for admissions before the Government even explains why it missed the service deadline.

To date, the Government has only alleged, without evidence, that it missed the service deadline for responding to the request for admissions because it relied on its own date stamp.  In other words, the Government chose to ignore the date on the certificate of service and the posted date on the envelope and Federal Rules of Civil Procedure 5(b)(2)(C) and 6(d) which presume three (3) days for service by mail.  Supposedly it never occurred to the Government that it was retaining documents for several days before the documents were distributed – even though the practice occurred on more than one occasion.

Judge Royal would not accept the Government's excuse for missing the service deadline if it was asserted by Claimant's attorney.  Claimant would certainly be held to a higher standard, as evidenced by Judge Royal's disregard for Davenport's explanation for missing the deadline in the *Martinez* case.

Even if this allegation was supported by evidence, it would not come close to justifying the Government's failure to serve a timely response.  The Government never contended that Plaintiff's certificate of service was erroneous until it

responded to Plaintiff's motion for summary judgment.  The Government never asked Plaintiff to correct his certificate of service.  The Government simply ignored the law and the facts to rely on its own date.

The *Martinez* claimant had a much more compelling argument.  Davenport relied on an attorney who misinterpreted a filing deadline.  Judge Royal's willingness to excuse the Government's blatant disregard for the service deadline conflicts with Judge Royal's prior refusal to excuse the inadvertent error committed by Davenport's attorney.  This conflict must be interpreted as a bias for the Government or against the claimant in this action.

**B.      The Court Unreasonably Delayed Ruling on
          <u>Claimant's Motion for Summary Judgment</u>**

Claimant filed a motion for summary judgment on January 6, 2012 and all related documents were filed by February 16, 2012.  Doc. 9, 13, 13-1, 15, 16.  Judge Royal unreasonably delayed ruling on Claimant's pending motion for summary judgment until September 24, 2012 (Doc. 17) even though Claimant is clearly and undeniably entitled to summary judgment.

**C.      The Order is Based on Allowing
          <u>Discovery that Was Never Sought</u>**

Judge Royal finally denied Claimant's motion for summary judgment based on the stated grounds that the motion was filed "before the Government has had an opportunity to conduct any meaningful discovery."  Doc. 17, p. 1.  In fact, the

Government never sought any additional discovery.  The parties had ample

opportunity to conduct discovery; both parties completed discovery nearly nine (9)

months ago; [3]  and Claimant filed an answer, affidavit and interrogatory responses

answer which fully explain the factual basis for his claim.  Doc. 16.

Instead of granting summary judgment to Claimant, Judge Royal directed

the parties to submit a discovery status report for a possible Scheduling and

Discovery Order.  Doc. 17.  However, no further discovery has been specifically

requested and no further discovery is even necessary based on the undisputed

evidence that Claimant is entitled to recover the Defendant Property.

**D.     The Order is Intended to Evade**
**        Summary Judgment for Claimant**

The Government already admitted facts which require a summary judgment

for Claimant.  The *Order* merely gives the Government additional time to come up

with some factual basis or theory for forfeiting Claimant's property.

Under the circumstances, the *Order* serves no other purpose.  This

unjustified reprieve to the Government infers bias on the part of the judicial officer

who issued the *Order.*

---

[3] Claimant served his initial interrogatories and request for admissions on
November 7, 2011 and responded to the Government's special interrogatories on
January 10, 2012.  Neither party ever sought any additional discovery.

## **CONCLUSION**

Judge Royal must voluntarily disqualify himself from resolving *Claimant's Motion for Reconsideration of Order Denying Summary Judgment* (Doc. 18) and all further proceedings in this case.  Whether or not Judge Royal is actually biased for or against a party, "(i)t is enough that the average lay person would have doubts about (this) judge's impartiality under these circumstances."  *Kelly, supra,* 888 F.2d at 746.

Respectfully submitted,

*(s) James W. Howard*

James W. Howard
Attorney for Claimant
Georgia Bar No. 370925

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing

*Claimant's Motion to Disqualify District Judge and Brief in Support* with the Clerk

of Court for filing and uploading to the CM/ECF system which will automatically

send e-mail notification of such filing to the following opposing attorneys of

record:

> Danial E. Bennett, Esq.
> Assistant United States Attorney
> 600 United States Courthouse
> 75 Spring Street, S.W.
> Atlanta, Georgia  30335
> Danial.Bennett@usdoj.gov

This 28th day of September, 2012.

> *(s) James W. Howard*
> James W. Howard
> Attorney for Claimant
> Georgia Bar No. 370925

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 30084
(770) 270-5080