IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:11-CV-130 (CAR) |
| $28,000.00 IN UNITED STATES FUNDS, | : | |
| | : | |
| Defendant Property, | : | |
| | : | |
| TIRRELL KITCHINGS, | : | |
| | : | |
| Claimant. | : | |

### ORDER ON MOTION TO DISQUALIFY DISTRICT JUDGE AND MOTION FOR RECONSIDERATION

Before the Court are Claimant Tirrell Kitchings' Motion to Disqualify District Judge [Doc. 20] and Motion for Reconsideration [Doc. 18] of this Court's Order denying Claimant's Motion for Summary Judgment. Having fully considered the record of this case, the arguments of the parties, and the applicable law, the Court hereby **DENIES** Claimant's Motions [Docs. 18 & 20] for the following reasons.

### BACKGROUND

On September 13, 2011, the Government filed a civil forfeiture action against the Defendant property, alleging that it is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in

1

exchange for a controlled substance.  On January 6, 2012, before this Court had even entered a Scheduling and Discovery Order, Claimant filed a motion for summary judgment.  In his summary judgment motion, Claimant argued that the vehicle search was without probable cause, that there was no factual basis for the forfeiture, and that the Government had admitted the funds seized were not subject to forfeiture because it failed to file its admissions within the prescribed 30 days.

On September 24, 2012, this Court entered its Order denying, without prejudice, Claimant's motion for summary judgment.[1]  The Court clearly denied summary judgment because Claimant prematurely filed his motion before the Government had any meaningful opportunity to conduct discovery.  In an effort to clarify proper procedure and move the case along, the Court offered the parties notes on the Claimant's arguments. First, the Court offered its guidance to Claimant and informed him that the proper vehicle to address illegally-seized funds is a motion to suppress, not a motion for summary judgment.  In the same vein, the Court set forth the law regarding admissions and stated that if the Government was to file a motion to withdraw admissions, in accordance with the law, the Court would likely grant it.  Finally, the Court reiterated the civil forfeiture standard and pointed out that civil forfeiture cases usually depend on the presentation of evidence and are not decided as a matter of law.

---

[1] Order on Claimant's Motion for Summary Judgment, Doc. 17.

2

As instructed by the Court, on September 28, 2012, Claimant filed his discovery status report seeking no additional discovery but retaining his right to seek additional discovery should the Government be permitted to do so.[2]  On October 1, 2012, the Government filed its discovery status report seeking 90 days of discovery.[3]  On the same day that Claimant filed his discovery status report, he also filed the Motions for Disqualification and Reconsideration that are currently under review.

## DISCUSSION

### Motion for Disqualification

Claimant contends the undersigned must be disqualified pursuant to 28 U.S.C. § 455(a) based on the undersigned's "Order on Claimant's Motion for Summary Judgment, the appearance of impropriety[,] and facts which would cause an objective observer to reasonably suspect that the judge is biased[.]"[4]  However, as set forth in detail below, Claimant's request is based on his disagreement with the undersigned's ruling on his motion for summary judgment.  Adverse rulings are not grounds for recusal.[5]  No evidence exists showing any appearance of impropriety or bias, and thus Claimant's Motion must be denied.

---

[2] Discovery Status Report by Claimant, Doc. 19.
[3] Discovery Status Report by the Government, Doc. 21.
[4] Claimant's Motion to Disqualify District Judge, Doc. 20, p. 1.
[5] *Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings "almost never constitute a valid basis for a bias or partiality motion.").

3

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6] The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process."[7] The test is whether a reasonable person with knowledge of all the facts would question the judge's impartiality.[8] Although any doubt "must be resolved in favor of recusal,"[9] "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."[10]

To require recusal, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[11] "Ordinarily a judge's rulings in the same . . . case may not serve as the basis for a recusal motion."[12] Adverse judicial rulings are generally "proper grounds for appeal, not for recusal."[13] Moreover, "[a] judge's ordinary efforts at courtroom administration" also do not show bias.[14] "A judge has as strong a duty to

---

[6] 28 U.S.C. § 455(a).
[7] *Davis v. Jones*, 506 F.3d 1325, 1332 n. 12 (11th Cir. 2007) (internal citations omitted).
[8] *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009).
[9] *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).
[10] *U.S. v. Greenbough*, 782 F.2d 1556, 1558 (11th Cir. 1986).
[11] *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986).
[12] *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).
[13] *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008).
[14] *Liteky*, 510 U.S. at 556.

sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[15]

Claimant first contends the undersigned showed bias by stating in the Order denying summary judgment that it "would likely grant" a motion to withdraw admissions if the Government filed one.  Claimant contends this statement shows the Order was based on an "unfiled, unmentioned, unjustified motion."[16]  This is simply not the case.  The Court clearly denied Claimant's motion for summary judgment because it was prematurely filed before proper discovery had taken place, not based on any unfiled motion by the Government. Indeed, the Court pointed out that without any proper discovery, a party cannot assert -- and thus the Court cannot determine -- whether a fact is (or is not) in dispute.  Thus, the motion was denied without prejudice as prematurely filed.

In an effort to help the parties and clarify the issue, the Court set forth the legal parameters surrounding admissions – an issue <u>Claimant</u> raised – and "note[d] that <u>even if</u> this Court determined the Government failed to file its responses to Claimant's requests for admission within the prescribed 30 days, the Government <u>could</u> file a motion to withdraw the admissions, which the Court would <u>likely</u> grant."[17]  Contrary to Claimant's argument, the undersigned not only recognized that the Government had

---

[15] *United States v. Malmsberry*, 222 F. Supp. 2d 1345 (M.D. Fla. 2002) (citation omitted).
[16] Motion to Disqualify Judge, Doc. 20, p. 5.
[17] Order on Claimant's Motion for Summary Judgment, Doc. 17, p. 5 (emphasis added).

<u>not</u> filed any such motion, but also acknowledged that the issue was <u>not</u> properly before the Court and in <u>no way</u> resolved it.  Just as the undersigned had earlier explained to Claimant the proper method by which this Court must analyze a challenge to an illegal seizure – through a motion to suppress rather than a motion for summary judgment -- it too explained to the parties the proper way it must analyze any motion to withdraw admissions.  No objective layperson would question the undersigned's impartiality of this case based on this argument.

Claimant also argues that the Court's remark that it would likely grant a Government motion to withdraw admissions shows bias in light of the undersigned's prior decision in *United States v. Johnson et al.*, 3:06-CR-41 (CAR).  In *Johnson*, co-defendant Juanita Davenport filed a third-party claim to seized funds that this Court dismissed as untimely.  Although the Order on the motion to dismiss in the *Johnson* case and the summary judgment Order in this case both involve the timeliness of filings during the course of a forfeiture proceeding, the similarity ends there.  In the *Johnson* case, the law mandated dismissal of Davenport's untimely claim, as the "forfeiture statute *requires* a third-party claimant to file a claim 'within thirty days of the final publication of notice or [her] receipt of notice . . . whichever is earlier.'"[18]  On the contrary, in this case, *if* the Government filed a motion to withdraw admissions, the law is clear that the Court has discretion to grant such a request "if it would promote the

---

[18] Order on Motion to Dismiss Third-Party Claim, Case No. 3:06-CR-41, Doc. 742 p. 2 (citing 21 U.S.C. § 853(n)(2)).

6

presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[19] The facts of these two cases are completely different and certainly provide no basis on which an objective, disinterested lay observer could entertain significant doubt about the undersigned's impartiality.

Claimant also argues that the undersigned shows bias for unreasonably delaying its ruling on Claimant's motion for summary judgment and for allowing further discovery in this case. These arguments in no way support recusal. The undersigned shows no bias or impartiality by allowing the Government, and Claimant, should he need it, the opportunity to conduct discovery. Moreover, after discovery is complete, the Claimant still has an opportunity to file a motion for summary judgment. Claimant clearly bases his Motion for disqualification on his disagreement with the undersigned's ruling on his motion for summary judgment -- an argument that provides absolutely no basis for recusal.[20]

Accordingly, Claimant's Motion for Disqualification is **DENIED**.

**Motion for Reconsideration**

Having found no reason for recusal, the Court will now address the Claimant's Motion for Reconsideration of the Court's Order denying his motion for summary judgment. Claimant proffers the same arguments used to support his motion for

---

[19] Fed. R. Civ. P. 36(b).
[20] *See Liteky*, 510 U.S. at 555; *In re Walker*, 532 F.3d at 1311; *McWhorter*, 906 F.2d at 678.

disqualification that he does to support his motion for reconsideration: (1) that the Order is based on granting an unfiled motion to withdraw admissions by the Government; (2) that the Court unreasonably delayed ruling on the summary judgment motion; and (3) that the Order is based on allowing discovery that the Government never sought. These arguments, which have been thoroughly addressed by the Court in the previous section, provide no basis for reconsideration.

Because Claimant has filed his Motion for Reconsideration within ten days of the Court's Order denying summary judgment, it will be decided under Rule 59(e) of the Federal Rules of Civil Procedure.[21] Such a motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[22] Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly.[23] Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.[24] Here, Claimant fails to demonstrate through new evidence, intervening change in the law, or manifest injustice that this Court should

---

[21] *See, e.g., Hertz Corp. v. Alamo rent-A-Car, Inc.*, 16 F.3d 1126, 1131 (11th Cir. 1994).
[22] *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).
[23] *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).
[24] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

reconsider its denial, *without prejudice,* of Claimant's motion for summary judgment. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 18] is **DENIED**.

## CONCLUSION

For the reasons explained above, Claimant's Motion for Disqualification [Doc. 20] and Motion for Reconsideration [Doc. 18] are hereby **DENIED**.  The Court hereby GRANTS the Government's request for 90 days of discovery in this case.[25]

**SO ORDERED,** this 1st day of March, 2013.

>  S/  C. Ashley Royal
>  C. ASHLEY ROYAL
>  UNITED STATES DISTRICT JUDGE

SSH

---

[25] Discovery Status Report by United States of America, Doc. 21.