UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action |
| ) | No. 3:11-CV-130 |
| $28,000.00 IN UNITED STATES ) | |
| FUNDS, ) | |
| ) | |
| Defendant Property, ) | |
| ) | |
| TIRRELL KITCHINGS, ) | |
| ) | |
| Claimant ) | |
| ) | |

### ORDER ON CLAIMANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Currently before the Court in this civil forfeiture action is Claimant Tirrell Kitchings' Second Motion for Summary Judgment [Doc. 41]. As explained below, the Court finds genuine issues of material fact preclude summary judgment in this case. Thus, Claimant's Motion [Doc. 41] is **DENIED**.

### LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  A genuine issue of material fact only exists when "there is sufficient evidence favoring the nonmoving party for a

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

1

jury to return a verdict for that party."[2]  Thus, summary judgment must be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[3]  When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion.[4]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[5]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[6]  This evidence must consist of more than mere conclusory allegations or legal conclusions.[7]

## BACKGROUND AND PROCEDURAL HISTORY

The Government filed this Verified Complaint for Forfeiture alleging that the money seized in this case is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[3] *See id.* at 249-52.
[4] *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).
[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

constitutes money furnished or intended to be furnished in exchange for a controlled substance. Thereafter, Claimant filed a claim to the money asserting that he legally owned the funds which he obtained through legitimate business transactions. The facts, viewed in the light most favorable to the Government as the non-moving party, are as follows:

On March 15, 2011, Claimant Tirrell Kitchings was driving a Chevy Malibu east on Interstate 20 in Social Circle, Walton County, Georgia. Officer Anthony Galimore of the Social Circle Police Department initiated a traffic stop of the vehicle for failure to maintain lane and for a non-working brake light. During the stop, Officer Galimore detected an odor of marijuana coming from the inside of the vehicle. After issuing Claimant a warning citation for the traffic violations, Galimore informed Claimant he detected an odor of marijuana. Claimant acknowledged that the passenger, Waydee Clifton, had previously smoked some marijuana. Officer Galimore informed Claimant that he was going to search the vehicle and asked if there were any drugs in the vehicle. Claimant responded that there were no drugs in the vehicle, but he had about $29,000.00 in cash located in a safe behind the passenger seat.

Officer Galimore searched the vehicle. The safe contained 28 bundles of money rubber banded together in $1,000.00 increments. When asked about the money, Claimant stated that he had gone to the Farmer's Market to buy tomatoes, but the price was too high. Claimant stated he did not get the money from a bank and that he had a

prior drug conviction for conspiracy to traffic cocaine.

Thereafter, Officer Galimore took Claimant to the Social Circle Police Department.  When interviewed at the police station, Claimant stated that he had some property from which he receives $500.00 a month, that he worked at a barber shop but did not know how much money he made a month.  Claimant also stated that he was currently selling produce, but he did not know how much money he made selling produce.  Finally, Claimant stated he claimed about $32,000.00 on his taxes the previous year from the barber shop. The currency seized totaled $28,000.00.

Claimant filed his first Motion for Summary Judgment, which this Court denied as premature.  Thereafter, Claimant filed a Motion to Suppress, which this Court also denied.  Claimant has now filed his Second Motion for Summary Judgment.

## ANALYSIS

The Government contends the currency seized in this case is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as money furnished or intended to be furnished in exchange for a controlled substance.  Civil forfeiture actions brought pursuant to § 881(a)(6) are governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). Pursuant to CAFRA, the Government is required to demonstrate by a preponderance of the evidence that the Defendant property is subject to forfeiture.[8] To meet its burden, the Government may use evidence gathered after the filing of the complaint of

---

[8] 18 U.S.C. § 983(c)(3).

forfeiture[9] and rely on both circumstantial evidence and hearsay.[10]  The Eleventh Circuit instructs that a district court should not view the evidence with "clinical detachment" but evaluate the evidence with "a common sense view to the realities of normal life applied to the totality of circumstances."[11]

Claimant's argument that this case presents no genuine issues of material fact is unpersuasive.  To meet its burden, the Government must show a "substantial connection" between the seized property and the criminal offense—not a "direct" connection as Claimant contends, or "some" connection as the Government contends.[12]  Moreover, the Government must show that the property was related to some illegal drug transaction; it does not need to show a relationship between the property and a particular drug transaction as Claimant contends.[13]  The Government has met its burden in this case to defeat summary judgment.

The evidence here presents a genuine issue of material fact as to whether a substantial connection exists between the seized currency and Claimant's involvement in illegal drug activity.  First, the quantity of cash—28,000.00—is indicative of a connection to illegal activity.  "Although a large amount of cash alone is insufficient to meet the government's burden, it is 'highly probative of a connection to some illegal

---

[9] *Id.* at § 983(c)(2).
[10] *United States v. $291, 828.00 in U.S. Currency*, 536 F.3d 1234, 1237 (11th Cir. 2008).
[11] *United States v. $242, 484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (internal quotation marks and citation omitted).
[12] 18 U.S.C. § 983(c)(3).
[13] *Id.*; *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993).

activity.'"[14] Indeed, courts have found smaller amounts of cash to be probative evidence of illegal drug activity.[15] Second, the manner in which the money was bundled—in $1,000.00 rubber-banded increments—is probative of drug activity.[16] Finally, the lack of a "visible source of substantial income" is probative that the money is connected to illegal drug activity.[17] Although Claimant has offered reasons and explanations as to the legitimacy of the money, the Court finds the Government has created a genuine issue of material fact, and therefore summary judgment for Claimant is inappropriate.

Claimant also argues he is entitled to summary judgment because the Government failed to timely answer his request for admissions, thereby admitting that there was no probable cause for the seizure of the funds, and the funds are not subject to forfeiture. Under Federal Rule of Civil Procedure 36, if a party fails to respond to a request for admissions within the 30 days (or within such time as the court permits or to which the parties agree), the "matter is admitted."[18] "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be

---

[14] *United States v. $183,791.00 in U.S. Currency*, 391 F. App'x 791, 795 (11th Cir. 2010) (quoting *United States v. $121,000.00 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993).
[15] *See, e.g. United States v. $1,761.00 in U.S. Currency*, Case No. 3:09-cv-814-J-34JRK, 2011 WL 4552354 at *7 (M.D. Fla. Sept. 30, 2011) (finding a total of $10,158.00 to be probative evidence the money was connected to narcotics trafficking); *United States v. $26,620.00 in U.S. Currency*, Case No. 2:05-cv-50-WCO, 2006 WL 949938 at *7 (N.D. Ga. April 12, 2006) (finding $26,620.00 in cash "an amount far greater than what is carried by most law-abiding citizens.").
[16] *See United States v. $183,791.00*, 391 F. App'x 791, 795 (11th Cir. 2010) (manner in which money was being transported can be probative to connection to some illegal activity).
[17] *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001).
[18] Fed. R. Civ. P. 36(a)(3).

withdrawn or amended."[19]

Assuming, without deciding, that the Government's response was untimely, the Court will allow the Government to withdraw any deemed admission.  Although the Government did not file a formal motion to withdraw or amend its deemed admission, the Court may construe a response to a summary judgment motion as a motion to withdraw or amend.[20]  Thus, the Court will construe the Government's Response to Claimant's Motion for Summary Judgment as a motion to withdraw any deemed admissions.

Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[21]  As the Eleventh Circuit has noted, "[e]ssentially, Rule 36 is a time saver, designed 'to expedite the trial and to relieve the parties of the cost of proving <u>facts that will **not** be disputed at trial</u>.' That is, when a party uses the rule to establish uncontested facts and to narrow the issues for trial, then the rule functions properly."[22]  The Eleventh Circuit has set forth a two-prong test governing the determination of whether a party should be permitted to withdraw or amend admissions.  That test "emphasizes the <u>importance of

---

[19] Fed. R. Civ. P. 36(b).
[20] *See, e.g.*, *Bergemann v. United States*, 820 F.2d 1117, 1120-21 (10th Cir. 1987); *Essex Builders Group, Inc. v Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005).
[21] *Id.*
[22] *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002) (emphasis in original) (quoting 8A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 2252 (2d ed. 1994)).

<u>having the action resolved on the merits</u>, while at the same time assuring each party that justified reliance on an admission in preparation for trial will <u>not</u> operate to his prejudice. . . ."[23]

The Court concludes that both prongs of the test are met and will therefore allow withdrawal of any admissions. Claimant contends the Government has admitted there was no probable cause for the seizure of the funds, and the funds are not subject to forfeiture.  Clearly, these admissions are central to the claim, and withdrawal of the admissions will serve the "ascertainment of the truth and the development of the merits."[24]  Indeed, "upholding the admissions would practically eliminate any presentation of the merits of the case,"[25] and therefore allowing the withdrawal would serve to resolve this action on the merits. As to the second prong of the test, the Court finds withdrawal would not prejudice Claimant.  The prejudice relates to the ability of the party that obtained the admissions to prepare for trial.[26] Claimant has been on notice since he filed his first summary judgment motion, prior to the expiration of discovery, that the Government contested the alleged admissions. Moreover, in its Order denying Claimant's first summary judgment motion as premature, the Court put Claimant on notice that it would likely grant any motion to withdraw the alleged admissions.  In its Order, entered over a year and three months ago on September 24, 2012, the Court

---

[23] *Id.* at 1265 (emphasis in original) (internal quotation and citation omitted).
[24] *Id.* at 1266.
[25] *Id.* (quoting *Hadley*, 45 F.3d at 1348).
[26] *See Smith v. First Natl Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988).

stated that "these admissions are central to the claim, and withdrawal or amendment would resolve this action on the merits and would not prejudice Claimant."[27]

## CONCLUSION

For the reasons explained above, the Court hereby **DENIES** Claimant's Second Motion for Summary Judgment [Doc. 41]. This case will be set for trial.

**SO ORDERED** this 10th day of January, 2014.

>             S/  C. Ashley Royal
>             C. ASHLEY ROYAL
>             United States District Judge

SSH

---

[27] Order on Motion for Summary Judgment, Doc. 17.